IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERESA JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-3099 |
| THE PNC FINANCIAL SERVICES GROUP, INC., | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, United States District Judge:

This is an action wherein Plaintiff Teresa Johnson alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

Defendant PNC Financial Services Group, Inc. has moved to dismiss for insufficient service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

The motion to dismiss is denied.  Here's why.

The Plaintiff's complaint was filed on April 10, 2017 and, on April 12, 2017, the Court issued a summons as to PNC and forwarded the summons to the Plaintiff's attorney to effect service.  Under Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff had to serve the Defendant within 90 days after the

complaint was filed—by July 10, 2017 in this case.  Otherwise, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

In the two weeks after the complaint was filed, PNC's counsel reached out to the Plaintiff's counsel first to discuss the allegations of the complaint and later to offer to waive service of the complaint.  The Plaintiff did not immediately respond to the email.  It was not until July 10, 2017 that Plaintiff's counsel responded.  Counsel stated that he had "inadvertently deleted" a previous email and the Plaintiff was prepared to move forward with service.  PNC stated that because the Plaintiff had failed to respond to its offer to waive service, PNC no longer agreed to waive service of the complaint.  The Plaintiff had not yet served the Plaintiff at the time of the filing of PNC's motion on July 28, 2017.  The Plaintiff claims she attempted to serve the Defendant on July 18, 2017.  However, it was not until August 10, 2017 that PNC was served with an Alias Summons.  This was 31 days after the expiration of the 90-day period.

A court may extend the time for effecting service whether the plaintiff establishes good cause or not.  *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998).  The Plaintiff's apparent inadvertent failure to timely serve PNC does not constitute good cause.  *See e.g.*, *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

But when the plaintiff does not establish good cause, the Court may consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service into account." *Troxell*, 160 F.3d at 383.

The Court concludes that these factors favor the Plaintiff. Because PNC has been aware of this lawsuit since just over a week after it was filed, no prejudice would result if the Court were to extend the period set forth in Rule 4(m). Moreover, because any dismissal would be without prejudice, the Plaintiff would be allowed to re-file her case and the parties would likely be back in this position in a few weeks. A dismissal for insufficient service of process likely would serve only to waste time and resources. The statute of limitations does not expire until 2019.

As previously stated, PNC has had actual notice of this lawsuit since soon after it was filed. Additionally, PNC was eventually served on August 10, 2017.

Because the relevant factors balance in favor of the Plaintiff, the Court will exercise its discretion to extend the time for service under Rule 4(m).

Ergo, the Defendant's Motion to Dismiss under Rule 12(b)(5) [d/e 5] is DENIED.

The Court hereby extends the time for service and finds, pursuant to Rule 4(m), that service of the complaint was timely.

Consistent with the Federal Rules of Civil Procedure, the Defendant shall file an answer or other appropriate pleading.

ENTER: December 11, 2017

    FOR THE COURT:

                                              /s/ *Richard Mills*
                                              Richard Mills
                                              United States District Court